**Leonard SHANNON, et al., Appellants (48511), Respondents (48513),**

v.

**GREAT AMERICAN INSURANCE COMPANY, Respondent (48511), Appellant (48513).**

**Nos. 48511, 48513.**

Supreme Court of Minnesota.

Feb. 16, 1979.

---

Steven A. Nelson, International Falls, for Shannon et al.

Bundgaard & Jacobson, Minneapolis, for Great American Ins. Co.

PETERSON, Justice.

Plaintiffs appeal from an order of the Koochiching County District Court granting defendant Great American Insurance Company's motion for summary judgment, the effect of which was to cause judgment to be entered in favor of plaintiffs in the amount of $15,000.

Plaintiffs were the owners of a building located in International Falls, which was insured for $15,000 under a policy issued by defendant. While supplementary coverage was available to plaintiffs upon payment of an additional premium, that coverage was not provided to the plaintiffs because they chose the basic policy limits only. The insured building was destroyed by fire, giving rise to plaintiffs' claim for $15,000 and, in addition, for loss of $2,965 to the rental property and appurtenant structures.

Defendant moved the court for summary judgment, asserting that the unambiguous insurance policy provided, upon proof of loss, for the payment of a claim not greater than $15,000. Opposing the motion, plaintiffs contended that oral representations of defendant's agent to settle the claim for $17,965 constituted a waiver by the insurer of the policy limits and that, as such, defendant was estopped from imposing those limitations upon its insured. The district court granted defendant's motion, ruling that the policy was unambiguous and that, absent consideration for coverage in excess of the face value of the policy, plaintiffs could not recover in excess of that policy limit.

The trial court was correct in its refusal to expand the coverage in excess of the stated limits of an unambiguous insurance contract. The doctrine of estoppel may not be used to enlarge the coverage of an insurance policy. *Madgett v. Monroe County Mut. Tornado Ins. Co.*, 46 Wis.2d 708, 176 N.W.2d 314 (1970). See, also, 16A Appleman, Insurance Law and Practice, § 9090 (1968); 18 Couch, Insurance 2d, § 71:35 (1968); *St. Paul Fire & Marine Ins. Co. v. Air Comfort Engineers, Inc.*, 47 Ala. App. 301, 253 So.2d 525 (1971). The policy considerations in support of this principle are well founded, for it would be wholly improper to impose coverage liability upon an insurer for a risk not specifically undertaken and for which no consideration has been paid.

This disposition of the central issue makes unnecessary any discussion of other issues raised by plaintiffs.

Affirmed.