**MINNESOTA MUTUAL FIRE AND CASUALTY COMPANY,**
Respondent,

v.

**Constance RUDZINSKI, Appellant,**

**Barbara Buck, et al., Defendants.**

No. C3–84–96.

Court of Appeals of Minnesota.

May 15, 1984.

Roger A. Johnson, Minneapolis, for appellant.

Robert L. McCollum, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Constance Rudzinski appeals a judgment in favor of Minnesota Mutual Fire and Casualty Company entered on stipulated facts. Minnesota Mutual brought suit to recover benefits paid to Rudzinski and to a hospital on her behalf under the Minnesota No-Fault Act. The trial court concluded that the benefits had been paid as the result of a mutual mistake and that Minnesota Mutual was entitled to recover. Rudzinski contends that (1) the trial court erred in concluding that there was a mutual mistake of law and fact, (2) the insurer waived any right to reimbursement and is estopped from demanding reimbursement, (3) she relied on the payment by the insurer and therefore repayment is inequitable, and (4) the insurer is prevented by statute from bringing an action to recover benefits. We affirm.

## ISSUES

1. When no-fault benefits are paid to an insured as the result of a mutual mistake of law, is the insurer entitled to reimbursement?

2. Does Minn.Stat. § 65B.54, subd. 4, limit the insurer's ability to seek reimbursement when there are no misrepresentations of fact?

## FACTS

Constance Rudzinski was injured by an automobile while she was riding as a passenger on a motorcycle. She incurred both medical and hospital expenses and sustained wage losses.

At the time of the accident, Rudzinski had a no-fault insurance policy with Minnesota Mutual Fire and Casualty Company. She applied for benefits and informed Minnesota Mutual that she was a motorcycle passenger when the accident occurred.

Rudzinski's attorney and the claims representative for Minnesota Mutual were both aware of an exclusion in the insurance policy · and the governing statute which stated that injuries to a person on a motorcycle do not arise out of the maintenance or use of a motor vehicle and are therefore not compensable. Despite these exclusions they both believed that Rudzinski was entitled to no-fault benefits. Minnesota Mutual paid Rudzinski $8,759.25 in medical expenses and $1,647.72 in wage loss benefits.

Minnesota Mutual subsequently requested that the benefits be repaid, but Rudzinski refused. This action was initiated and then consolidated with an earlier suit that Rudzinski brought against the owner of the automobile, Tracy Buck, and the driver, Barbara Buck. After negotiation, Rudzinski settled her claim against the Bucks. Part of the settlement, $10,406.97 (totalling the amount Minnesota Mutual paid Rudzinski), was put in escrow pending the outcome of this case.

With regard to Minnesota Mutual's action, the trial court held that the payments made by Minnesota Mutual were made as a result of a mutual mistake of fact and law entitling it to recover the escrowed funds.

## ANALYSIS

### I

The parties agree that the no-fault insurance policy in question is governed by Minn.Stat. § 65B.46, subd. 3 (1982), which provides:

> [I]njuries suffered by a person while on, mounting or alighting from a motorcycle do not arise out of the maintenance or use of a motor vehicle although a motor vehicle is involved in the accident causing the injury.

An endorsement to the insurance policy similarly provides, "[t]his coverage does not apply to bodily injury sustained to any person while occupying a motorcycle."

■ 1. The trial court's determination that the payments were made as a result of a mutual mistake of law is well supported. The clear language of the statute and the policy exclusion preclude Rudzinski from collecting benefits. The statute and policy exclusion are not ambiguous. In *Feick v.*

*State Farm Mutual Automobile Ins. Co.,* 307 N.W.2d 772 (Minn.1981), a case which was decided after Minnesota Mutual paid benefits to Rudzinski but before the trial judge's determination, the court concluded that Minn.Stat. § 65B.46, subd. 3, prevents a passenger or driver of a motorcycle from recovering benefits even though struck by a motor vehicle. *Id.* at 775.

■ On the other hand, the trial court's determination that there was a mutual mistake of fact is not supported by the record. It is undisputed that all of the relevant facts were known to both parties at the time benefits were paid. While the trial court erred in concluding that the payments were made as the result of a mutual mistake of fact as well as law, the error was harmless. Equity can grant relief from either a mutual mistake of fact or a mutual mistake of law. Both need not be present. *See Gartner v. Eikill,* 319 N.W.2d 397 (Minn.1982).

■ 2. Rudzinski next contends that, having made the payment, Minnesota Mutual is estopped from seeking reimbursement. However, the doctrine of estoppel will not operate to enlarge the coverage of an insurance policy. *Shannon v. Great American Ins. Co.,* 276 N.W.2d 77, 78 (Minn.1979). Coverage may not be imposed upon an insurer for a risk not specifically undertaken and for which no consideration has been paid. *Id.* Similarly, coverage cannot be created in this case by waiver. *See generally Id.* A mutual mistake of law is not a voluntary relinquishment of a known right and consequently does not support a claim of waiver.

■ 3. An insurer is entitled to recover an amount paid by mistake which exceeds the liability fixed by the insurance policy. *Equitable Life Assurance Society of U.S. v. Bachrach,* 265 Minn. 83, 90, 120 N.W.2d 327, 332 (1963) (citing *Aetna Life Ins. Co. v. Flour City Ornamental Iron Works,* 120 Minn. 463, 139 N.W. 955 (1913)). The right to restitution "hinges on the fact that [the insurer] made a payment which it *was not obligated* to pay by its contract." *Equitable,* 265 Minn. at 91, 120 N.W.2d at 333 (emphasis in original). Because there was

no obligation on the part of Minnesota Mutual to make payments under the no-fault insurance policy, the trial court properly concluded that Minnesota Mutual is entitled to the recovery of the escrowed funds in the amount of $10,406.97.

■ "There are circumstances, however, where money has been paid by mistake and full restitution is nevertheless denied." *Id.* at 90, 120 N.W.2d at 333. A right of restitution is terminated or dismissed if, after the benefits have been received, "circumstances have so changed that it would be inequitable to require full restitution." *Id.* Rudzinski asserts that she settled her case against the Bucks in reliance upon the money received from Minnesota Mutual. None of the stipulated facts support this assertion. Out of the settlement, $10,-406.97 was put in escrow pending the outcome of this case. Rudzinski's settlement with the Bucks did not reach the limits of their insurance. Based on these facts and no specific showing by Rudzinski that circumstances have changed resulting in prejudice to her, we cannot conclude that it would be inequitable to require full restitution.

■ Restitution in this case advances the purpose of the no-fault statute. Minnesota Mutual promptly, although erroneously, paid Rudzinski's claim. Their restitution rights should not be forfeited. Forfeiture would greatly discourage prompt payment and penalize the insurer for attempting to fulfill its obligations under the no-fault statute.

II

■ Rudzinski's final contention is that Minn.Stat. § 65B.54, subd. 4, does not allow recovery of benefits because there was no intentional misrepresentation of fact. Minn.Stat. § 65B.54, subd. 4, provides that an insurer may institute an action to recover benefits which were paid because of an intentional misrepresentation of material fact. The section makes no provision for restitution in the event of a mutual mistake. We cannot infer that restitution can be only allowed for intentional misrepre-

sentation because the legislature made specific provisions with regard to intentional misrepresentation. In any event, such an inference is unwarranted because the Supreme Court has extended the rule regarding payment by mistake established in *Equitable* to a no-fault case that does not involve misrepresentation. *Wallace v. Tri-State Ins. Co.*, 302 N.W.2d 337, 341 (Minn. 1980).

## DECISION

Minnesota Mutual is entitled to recover the benefits paid to Rudzinski as the result of a mutual mistake of law.

Affirmed.