Lynn C. PEDERSEN, trustee of the Heirs of Paul R. Pedersen, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent.

No. C2–85–1959.

Court of Appeals of Minnesota.

March 18, 1986.

Thomas J. Hunziker, Hanley, Hergott & Hunziker, Minneapolis, for appellant.

Mark A. Gwin, Barbara A. Burke, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant Lynn Pedersen, trustee of the heirs of Paul Pedersen, brought this declaratory judgment action against respondent United Services Automobile Association (USAA) to collect underinsured motorist coverage under the deceased's automobile insurance policy with USAA. Lynn Pedersen appeals from the trial court's directed verdict in favor of USAA. We affirm.

## FACTS

On April 26, 1982, Dr. Paul Pedersen died as a result of an automobile accident. The driver of the other vehicle had liability insurance coverage on her vehicle with liability limits of $25,000 per person and $50,000 per accident, the statutory minimum requirements in Minnesota. The deceased's estate was paid $25,000 pursuant to this coverage.

The deceased carried automobile insurance coverage with USAA on three vehicles that he owned. It is undisputed that each vehicle had liability coverage and uninsured motorist coverage in the amount of $100,000 per person and $200,000 per accident.

Following the accident, appellant made a claim against USAA for no-fault benefits and underinsured motorist coverage. Appellant sought to have the policy reformed so that it provided underinsured motorist coverage in the same amount as the uninsured motorist coverage provided in the policy.

USAA paid the no-fault benefits. In processing the appellant's claim, USAA determined that the deceased's policy provided underinsured motorist coverage of $25,000 per vehicle and subsequently USAA paid appellant $75,000.

Appellant seeks an additional $225,000 of underinsured motorist benefits ($100,000 per vehicle less the $25,000 per vehicle of underinsured motorist benefits already paid).

After USAA paid appellant the $75,000 of underinsured motorist benefits, it determined that it had made a mistake and that in fact the deceased did not have any underinsured motorist coverage. USAA did not seek restitution of the amount already paid, but it contested appellant's claim for additional underinsured motorist benefits.

USAA claims it offers its policy holders two kinds of underinsured motorist coverage. It offers a separate endorsement of underinsured motorist coverage which USAA claims the deceased did not carry and underinsured motorist coverage that is part of the uninsured motorist coverage which the deceased did carry. The deceased's policy defines an "uninsured motor vehicle" as:

[A] land motor vehicle or trailer of any type:

\* \* \* \* \* \*

2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which *your covered auto* is principally garaged.

USAA claims that it mistakenly determined that the deceased's accident fell within this provision and paid appellant $25,000 per vehicle in underinsured motorist benefits.

At trial, appellant sought to introduce the following evidence:

1. A July 13, 1982, letter from a USAA employee to appellant's attorney stating:

"I am enclosing a certified copy of our policy along with a copy of our coverage inquiry showing that there was Underinsured Motorist coverage available to our policyholder at the time of the accident."

2. The coverage inquiry sheet referred to in the July 13, 1982, letter.

3. A computer printout of USAA's claim file describing the liability coverage on the other vehicle involved in the accident and confirming underinsured motorist coverage.

4. Evidence of USAA's payment of the $75,000 pursuant to a partial release of claims and the release.

5. The deposition of an USAA employee in which the employee describes the processing of appellant's claim and the initial determination that underinsured motorist coverage was provided in the deceased's policy.

6. The initial answer filed by USAA in which it admits the existence of underinsured motorist coverage.

7. USAA's response to appellant's request for admissions in which USAA admits the existence of underinsured motorist coverage.

All of this evidence relates to USAA's initial (but claimed mistaken) belief that the policy provided underinsured motorist coverage. The trial court ruled that the offered evidence was inadmissible because it is irrelevant.

At trial, appellant called three witnesses—Lynn Pedersen Hunt (the deceased's wife, now remarried) and two USAA employees. The trial court did not allow any of the witnesses to testify about the processing of appellant's insurance claim following the accident. Lynn Pedersen also attempted to testify that the deceased told her that they had "every insurance known to man" covering their automobiles. The trial court sustained USAA's objection to this testimony. At the close of appellant's case, the trial court granted USAA's motion for a directed verdict.

## ISSUES

1. Did the trial court abuse its discretion in excluding evidence concerning USAA's initial interpretation of the policy and USAA's payment of underinsured motorist benefits?

2. Did the trial court err in directing a verdict in favor of USAA?

## ANALYSIS

### I.

Appellant did not make a motion for a new trial after the court ordered a directed verdict. When there has been no motion for a new trial, the scope of review is limited to determining whether the evidence sustains the findings of fact and whether the findings support the conclusions of law. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). Matters involving evidentiary rulings are not subject to review when there has not been a motion for a new trial. *Fritz v. Arnold Manufacturing Co.*, 305 Minn. 190, 194, 232 N.W.2d 782, 785 (1975).

Even if appellant had preserved her right to appeal the trial court's evidentiary rulings, she would not prevail here. Appellant argues that the trial court erred in excluding evidence of USAA's initial determination that the deceased's policy had underinsured motorist coverage and USAA's payment of $75,000 underinsured motorist benefits. The trial court ruled that the offered evidence is irrelevant to the issue of whether the policy, in fact, provided underinsured motorist coverage.

Our standard of review of evidentiary rulings is narrow. Evidentiary rulings on relevancy are committed to the sound discretion of the trial court and those rulings will only be reversed when that discretion has been clearly abused. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn. 1983).

Appellant first asserts that USAA's alleged mistake in interpreting the policy is relevant to whether the policy is ambiguous. Whether the language of an insurance policy is ambiguous is a question of law to be decided initially by the trial court. *Columbia Heights Motors, Inc. v. Allstate Insurance Co.*, 275 N.W.2d 32, 34 (Minn.1979). If language of a policy is reasonably subject to more than one interpretation, there is ambiguity. *Id.* Thus, in determining whether a policy is ambiguous, a court looks to the policy itself. When a court finds that a policy is ambiguous, then extrinsic evidence is admissible to construe the policy. *See Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354 (Minn.1979); *Murray v. Harvey Hansen—Lake Nokomis, Inc.*, 360 N.W.2d 658, 660 (Minn.Ct.App.1985).

Implicit in the trial court's evidentiary ruling is its conclusion that the policy is unambiguous. We find no error in that determination. The policy plainly did not include a separate endorsement of underinsured motorist coverage. Excluding evidence on the issue of ambiguity was not an abuse of discretion.

Appellant also argues that USAA's alleged mistake in interpreting the policy is relevant to the issues of waiver and estoppel. There are, however, no viable issues of estoppel or waiver in this case. The doctrine of estoppel will not operate to enlarge the coverage of an insurance policy. *Shannon v. Great American Insurance Co.*, 276 N.W.2d 77, 78 (Minn.1979). Coverage may not be imposed upon an insurer for a risk not specifically undertaken by the insurer and for which no consideration has been paid. *Id.* *See also Minnesota Mutual Fire & Casualty Co. v. Rudzinski*, 347 N.W.2d 848, 851 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984). Similarly, there is no waiver here of USAA's right to deny coverage. *See Shannon*, 276 N.W.2d at 78. *See also Rudzinski*, 347 N.W.2d at 851 (a mutual mistake of law is not a voluntary relinquishment of a known right). USAA is not seeking reimbursement of the $75,000 already paid to appellant. The fact that USAA mistakenly paid this amount under what it termed underinsured motorist coverage does not prove

that it waived its right to deny the existence of such coverage. Neither does the payment estop USAA from denying that such coverage exists.

The facts that appellant sought to prove with the excluded evidence were not "of consequence to the determination of the action." *See* Minn.R.Evid. 401. The trial court did not abuse its discretion in excluding evidence of USAA's initial interpretation of the policy and of USAA's $75,000 payment to appellant.

■ Appellant also argues that the trial court abused its discretion in excluding Lynn Pedersen's testimony about her conversation with the deceased about their insurance coverage. We note that while appellant did not argue this issue in her brief, the parties did address it at oral argument. The trial court sustained USAA's hearsay objection to this testimony. We find no error in the court's ruling.

## II.

■ The critical issue for our review is whether the trial court erred in directing a verdict. A directed verdict is sustainable only if it clearly would be the duty of the trial court to set aside a contrary verdict, as against the evidence or contrary to the law of the case. *Nemanic v. Gopher Heating & Sheet Metal, Inc.,* 337 N.W.2d 667, 670 (Minn.1983).

The only issue at trial was whether the deceased's insurance policy provided underinsured motorist coverage. None of the evidence admitted at trial indicated that the policy provided underinsured motorist coverage other than the "underinsured motorist coverage" that is part of the uninsured motorist coverage. Lynn Pedersen testified that she had no knowledge of whether her husband ever requested underinsured motorist coverage and that no one from USAA ever represented to her that they had such coverage. In addition, the insurance policy was entered into evidence. The declarations page of the insurance policy does not list underinsured motorist coverage as one of the coverages provided. Nor does the declarations page list a liability limit or premium for underinsured motorist coverage. We believe if the policy provided underinsured motorist coverage, there would be some evidence of it on the declarations page.

There is no evidence in the record to support a verdict in favor of appellant, and therefore the trial court did not err in directing a verdict against appellant.

## DECISION

The trial court did not abuse its discretion in its evidentiary rulings nor did it err in directing a verdict against appellant.

Affirmed.