**CONTINENTAL INSURANCE COMPANY, Respondent,**

v.

**Edward W. BERGQUIST, as Trustee in the Bankruptcy of the Estate of A.E.F.S., Inc., Respondent,**

**James Dwyer, et al., Appellants.**

**No. C5–86–1626.**

Court of Appeals of Minnesota.

Feb. 3, 1987.

Robert D. Brownson, Lasley, Gaughan, Stich & Angell, Minneapolis, for respondent Continental Ins. Co.

Daniel J. Sheran, Linquist & Vennum, Minneapolis, for respondent Bergquist.

Charles E. Spevacek, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellants.

Heard, considered and decided by WOZNIAK, P.J., and RANDALL and LESLIE, JJ.

## OPINION

RANDALL, Judge.

This is a declaratory judgment action brought by respondent Continental Insurance Company (Continental) for a determination of the extent of Continental's insurance coverage. Continental was the insurer of respondent American Energy Farming Systems, Inc. (AEFS). When appellants failed to receive payment under their contracts with AEFS, they sued and obtained a default judgment against AEFS. Continental commenced this action to avoid having to cover AEFS, and appellants moved for summary judgment seeking to bind Continental by the default judgment. Appellants' motion was denied and Continental moved for summary judgment asking that the court declare that they had no contractual obligation to cover AEFS. Continental's motion was granted and this appeal followed. We affirm.

## FACTS

Respondent AEFS is a Minnesota corporation incorporated to promote the growing, marketing and distribution of Jerusalem artichokes. AEFS contracted with appellants, seventeen Jerusalem artichoke farmers. Appellants purchased Jerusalem artichoke seed from AEFS and grew artichokes on their farmland. AEFS agreed they would buy the artichoke crops from appellants when the growing season ended. AEFS also agreed to promote the sale of the Jerusalem artichokes.

AEFS never found a viable market for the Jerusalem artichokes, yet continued to contract for the purchase of them. When appellants presented their artichoke crops to AEFS at the end of the 1982 growing season, AEFS was unable to pay for the artichokes. AEFS filed for bankruptcy on May 23, 1983.

In October of 1984, appellants sued respondent Edward W. Bergquist as Trustee in Bankruptcy of the Estate of AEFS alleging negligent misrepresentation, negligent supervision and breach of contract. The complaint did not state when the alleged

damage occurred. Trustee Bergquist tendered defense of the negligence action to Continental, the insurance carrier for AEFS. Continental rejected the tender, refusing to defend or indemnify AEFS. Appellants obtained a default judgment against AEFS.

Continental commenced a declaratory judgment action asking the court to declare that Continental is not responsible for the claims asserted by appellants against AEFS. Appellants moved for summary judgment, asking the court to bind Continental to the findings issued in the negligence action in which appellants, by a default judgment, prevailed in an amount just under three million dollars. Appellants' motion was denied, and it was at this motion hearing that Continental first discovered that appellants' claimed damages occurred during the 1982 growing season. AEFS' insurance policies with Continental were not even in force until December 1, 1982.

Continental now moved for and received summary judgment against appellants based on the fact that any alleged damage occurred prior to December 1, 1982, the effective date of the insurance policies. Notwithstanding the undisputed policy date of December 1, 1982, appellants claim that Continental is bound by the terms of the default judgment entered against AEFS because the damages are within the policy limits and because Continental failed to properly plead the affirmative defense of the policy date.

### ISSUES

1. Is respondent estopped from raising the affirmative defense that the appellants' injuries occurred prior to the effective date of the insurance policies?

2. Does Continental's insurance policy provide coverage prior to its effective date?

### ANALYSIS

#### I.

*Estoppel*

Appellants claim Continental failed to adequately plead the affirmative defense that the damage occurred prior to the policies' effective dates. Appellants contend this affirmative defense was waived and Continental may not now rely on the defense. The trial court specifically found both that Continental had adequately pleaded the defense, and that appellants lack standing to estop Continental from raising the defense. We agree.

Initially, we note that estoppel may not be raised against an insurer if the estoppel would enlarge the coverage afforded by the policy. *Shannon v. Great American Insurance Co.,* 276 N.W.2d 77, 78 (Minn.1979). Policy considerations support this principle; it would be improper to impose coverage liability upon an insurer for risks not specifically undertaken by the insurer and not paid for by the insured. *Id.* Here, it is undisputed that Continental's insurance coverage had an effective date after the alleged damage occurred to appellants. There is nothing in this record prompting a holding that the courts should impose liability coverage upon Continental for risks they did not undertake and which were not paid for.

On the issue of whether Continental, in fact, did adequately plead the affirmative defense of the policy dates, we note that Continental had no direct knowledge of the dates of the alleged losses at the time it filed its complaint for declaratory relief. As a result, Continental did not expressly state that the damage occurred prior to the effective dates of the policies. However, Continental specifically alleged in its complaint that it issued two insurance policies to AEFS, each being effective December 1, 1982. One policy was a comprehensive general liability policy, the second was an umbrella liability policy. The complaint also alleged

> that as a result of the foregoing, there is no coverage provided under the terms and provisions of the above described policies of insurance issued by [Continental].

Appellants admitted in their answer that the policies had effective dates of December 1, 1982. The trial court found that these statements in the complaint sufficiently raise the issue of the policies' effective dates. We cannot say that the trial court was clearly erroneous in finding that this affirmative defense had been adequately pleaded.

## II.

*Coverage*

Summary judgment may be granted when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. The trial court found that Continental's insurance policies afforded no coverage to the claimed damages of appellants because the damage occurred prior to the effective date of the policies. Continental's complaint for declaratory relief claimed the policies did not afford coverage because no "occurrence" within the meaning of the policies took place. Both policies define "occurrence" as follows:

> "occurrence" means an accident, including continuous or repeated exposure to conditions which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

The comprehensive general liability policy defines "property damage" as follows:

> "Property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at anytime resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

The umbrella liability policy defines "property damage" differently. It provides:

> "(P)roperty damage" means (1) physical injury to or destruction of tangible property, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or de-

stroyed provided such loss of use is caused by an occurrence during the policy period.

Part (2) of each definition is the same. The loss of use must be caused by an occurrence during the policy period. In this case appellants allege damages for loss of use of their farmland during the 1982 growing season. This damage occurred prior to the policies' effective dates. Without an "occurrence" during the policy period, the policies do not afford coverage to the insured.

Part (1) of the "property damage" definition contained in the comprehensive general liability policy also contains the requirement of occurrence during the policy period. This policy affords no coverage for the same reason as stated above. However, part (1) of the "property damage" definition contained in the umbrella liability policy is different. Unlike the other definitions in question, part (1) of property damage in the umbrella liability policy contains no requirement of occurrence during the policy period. Thus, appellants claim this provision affords coverage, even though the damage occurred prior to December 1, 1982.

Like the others, the trial court found no coverage under this provision. The loss of use must still result from physical injury to or destruction of tangible property. Appellants did not allege any injury or destruction of their property. Instead, appellants claim that through the negligence of AEFS, they lost the *use* of their property for the 1982 growing season. On this issue, we accept the trial court's reasoning and affirm the finding of no coverage.

## DECISION

We affirm the trial court's holding that Continental adequately pleaded an affirmative defense, that all damage claimed by appellants occurred prior to the effective date of the insurance policies, and that there is no coverage under the policies in question.

Affirmed.