Patricia P. WARREN, as trustee for the heirs and next of kin of James P. Warren, deceased, Respondent,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.

No. C3–87–1585.

Court of Appeals of Minnesota.

Feb. 2, 1988.

Review Denied April 15, 1988.

M. John Steward, Linehan, Gallagher and Mahoney, Boston, Mass., for respondent.

Daniel J. Heuel, Muir, Heuel & Carlson, Rochester, for appellant.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE\*, JJ.

## OPINION

HUSPENI, Judge.

Patricia Warren, respondent and trustee of her deceased husband's estate, sought a declaration that the policy insuring the automobile in which her husband was killed provided underinsured motorist coverage. The trial court concluded that coverage existed and granted a summary judgment against appellant, American Family Mutual Insurance Company. Appellant argues that summary judgment should have been awarded to appellant. We agree and reverse and remand for entry of summary judgment for appellant.

## FACTS

On December 26, 1985, James Warren, a Wisconsin resident, died after the vehicle he was driving was involved in a two vehicle collision in Rochester, Minnesota. The Warren vehicle was insured in Wisconsin by appellant.

The Warren automobile insurance policy consisted of a declarations page and a form policy jacket to which an underinsured motorist endorsement was attached. The "Agreement" paragraph of the policy states:

> We agree with you, in return for your premium payment, to insure you subject to all the terms of this policy. We will insure you for the coverages and the limits of liability as shown in the declarations of this policy.

At page 8, the policy reads:

> [T]his is not a complete and valid contract without an accompanying DECLARATIONS PAGE properly executed.

The policy sets out five forms of coverage offered by the insurer. Each described coverage is preceded by the statement that coverage exists only if listed in the declarations. The underinsured motorist endorsement, attached at the end of the form policy jacket, provides:

> This endorsement forms a part of the policy to which it is attached and replaces any Underinsured Motorist Coverage previously issued as a part of this policy.
>
> \*    \*    \*    \*    \*    \*
>
> The limits of liability shown in the Declarations apply \* \* \*.

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The declarations page of the policy held by Warren indicates that he purchased bodily injury liability, medical expense and uninsured motorist coverage. There is no indication that underinsured motorist coverage was purchased.

The insurer of the second vehicle paid its policy limits to the Warren estate. On July 23, 1986, respondent requested that appellant provide no-fault and underinsured motorist benefits. Appellant paid a total of $20,000 in funeral expenses and survivor's economic loss benefits pursuant to Minn. Stat. § 65B.50 (1984). On July 30, 1986, appellant denied respondent's claim for underinsured motorist benefits claiming that there was no coverage under the policy purchased by James Warren.

Respondent then brought an action seeking a declaration that as a matter of law the policy provided underinsured motorist benefits. Appellant replied that this coverage had been proffered to Warren, who had declined the offer, and that consequently underinsured motorist coverage was not provided by its policy.

The trial court found that the policy language was unambiguous.[1] Regarding the attached endorsement, the trial court stated:

> The endorsement is said to be part of the policy. The sentence is written in the conjunctive rather than the disjunctive; therefore, the endorsement applies whether or not the policy holder had previously elected Underinsured Motorist Coverage.

On March 16, 1987, the trial court granted partial summary judgment in favor of respondent declaring that the policy provided underinsured motorist benefits.

## ISSUE

Did the trial court err in determining that the insurance policy issued by appellant provided underinsured motorist coverage?

1. The record indicates that the parties tacitly agreed that appellant was not required by Wisconsin law to provide underinsured motorist

## ANALYSIS

When reviewing the grant of a summary judgment, this court must determine that there was no issue of material fact before the trial court and that summary judgment was proper as a matter of law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). It is undisputed that in this case there are no issues of material fact. Our review is limited, therefore, to determining whether the trial court erred in concluding that appellant's insurance policy provided underinsured motorist coverage.

The rules of construction for insurance contracts were set out by the supreme court in *Bobich v. Oja,* 258 Minn. 287, 104 N.W.2d 19 (1960). In relevant part these are:

> 6. Contracts of insurance, like other contracts, must be construed according to the terms the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense, so as to give effect to the intention of the parties as it appears from the entire contract.
>
> 7. The endorsements or riders attached to an insurance contract are part of the contract, and the endorsements and the policy must be construed together.
>
> 8. A policy and endorsements should be construed, if possible, so as to give effect to all provisions, but, where provisions in the body of the policy conflict with an endorsement or rider, the provision of the endorsement governs.

*Id.* at 294–95, 104 N.W.2d at 24–5.

■ Whether an insurance policy is ambiguous is a question of law to be decided initially by the trial court. *Columbia Heights Motors, Inc. v. Allstate Insurance Company,* 275 N.W.2d 32, 34 (Minn.1979). After reviewing the policy in this case, we conclude as did the trial court that the policy language is clear. However, despite the absence of ambiguity, the trial court imposed coverage. We cannot agree. Where the provisions of a policy are unam-

coverage to respondent. Similarly, the record indicates an agreement to apply Minnesota law to interpret the policy language.

biguous, the trial court may not thrust upon appellant a risk that it did not accept and for which it was not paid a premium. *Simon v. Milwaukee Automobile Mutual Insurance Company,* 262 Minn. 378, 391, 115 N.W.2d 40, 49 (1962). Having considered all the language used in appellant's policy, we are compelled to reach a conclusion regarding underinsured motorist coverage opposite to that reached by the trial court.

The "Agreement" clause in the policy states that coverage is provided only if a premium is paid. This section also provides that an insured has coverage only as listed on the declarations page. Respondent neither argues that a premium was paid for the claimed coverage, nor that this coverage is listed in the declarations. Rather, respondent alleges that the language of the endorsement makes provision for underinsured motorist coverage regardless of whether a premium is paid. We are not convinced by this argument which runs in the face of the clear provision that appellant agreed to provide only coverage for which a premium was paid. Furthermore, the endorsement at issue here states that it "forms part of the policy to which it is attached," indicating that the terms in the policy apply to the endorsement. Language in the endorsement indicates that the terms therein replace "any underinsured motorist coverage previously issued as a part of this policy." We cannot accept respondent's argument that the language of the endorsement should be interpreted as providing underinsured motorist benefits where the declarations page makes no mention of such coverage.

We find support for appellant's arguments in this court's opinion in *Pedersen v. United Services Automobile Association,* 383 N.W.2d 427 (Minn.Ct.App.1986). In *Pedersen,* a husband was killed while driving his motor vehicle. The accident occurred in 1982, three years before underinsured motorist coverage became mandatory in Minnesota. The insurer offered two types of underinsured motorist coverage either through a separated endorsement or a part of the uninsured motorist coverage. The driver's policy did not include an underinsured endorsement. Mrs. Pedersen sought to have the insurance policy reformed so that it provided underinsured motorist coverage. In *Pedersen,* we held:

> The declarations page of the insurance policy does not list underinsured motorist coverage as one of the coverages provided. Nor does the declarations page list a liability limit or premium for underinsured motorist coverage. We believe if the policy provided underinsured motorist coverage, there would be some evidence of it on the declarations page.

*Id.* at 431.

In this case, as in *Pedersen,* we can find no mention of underinsured motorist coverage on the declarations page. The "Agreements" paragraph of the policy specified that: "We will insure you for the coverages and the limits of liability as shown in the declarations of this policy."

Respondent argues that *Pedersen* is distinguishable from this case because here appellant issued an underinsured motorist endorsement. However, the endorsement upon which respondent relies can only be read in conjunction with the policy. *Bobich,* 258 Minn. at 294–95, 104 N.W.2d at 24–5. We conclude, therefore, that the only reasonable interpretation of appellant's automobile insurance policy is that no underinsured motorist coverage was provided.

## DECISION

The trial court erred in determining that the automobile insurance policy issued by American Family Mutual Insurance Company provided underinsured motorist coverage. We reverse the partial summary judgment issued in favor of respondent and remand for entry of summary judgment for appellant.

Reversed and remanded.