# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1147

_____

Dawn Strope-Robinson; The Estate of David Clair Strope

*Plaintiffs - Appellants*

v.

State Farm Fire and Casualty Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 19, 2020
Filed: February 5, 2021
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dawn Strope-Robinson, the grantee beneficiary of her uncle's transfer on death deed, filed a claim with his homeowner's insurance after a fire occurred a few days following his death. The insurer partially denied the claim and Strope-

Robinson filed this declaratory judgment action. The district court[1] granted summary judgment to the insurer, and we affirm.

## I.

State Farm Fire and Casualty Company issued a homeowner's insurance contract to David Strope for his house in Orr, Minnesota. On August 10, 2017, Strope executed a transfer on death deed to convey the property to his niece, Dawn Strope-Robinson. The transfer on death deed was then recorded on August 11. Strope died on August 14. Six days later, Strope's ex-wife intentionally set the house on fire, damaging the home and personal property inside.

Strope-Robinson was appointed special administrator and personal representative of the Estate. She filed a claim with State Farm for coverage of the loss of the house, loss of use for the fair rental value of the house, and loss of personal property. State Farm granted the claim for the loss of personal property, but denied the other claims because Strope-Robinson was not a named insured under the policy and the named insured, David Strope, had no insurable interest in the home at the time of the fire.

After Strope-Robinson sued, State Farm removed the suit to federal court under diversity jurisdiction. Strope-Robinson then amended her complaint and added the Estate of David Clair Strope as a plaintiff. After discovery, the parties filed cross motions for summary judgment. The district court granted summary judgment to State Farm because the Estate did not have an interest in the property at the time it burned and Strope-Robinson was not a named insured. She appeals, asking us to grant her summary judgment.

---

[1]The Honorable Donovan W. Frank, Senior United States District Judge for the District of Minnesota.

## II.

The parties agree on the facts and that Minnesota law governs. "We review the district court's summary-judgment decision, including its interpretation of the contract and state law, de novo." Yang v. Farmers New World Life Ins. Co., 898 F.3d 825, 827 (8th Cir. 2018). Strope-Robinson argues that the district court should have granted her or, in the alternative, the Estate summary judgment after considering Minnesota's statutes on transfer on death deeds, the insurance contract, and her equitable concerns, including the reasonable expectations doctrine and estoppel.

We first look to applicable Minnesota statutes and the language of the contract. See Pepper v. State Farm Mut. Auto. Ins. Co., 813 N.W.2d 921, 927 (Minn. 2012). We then address Strope-Robinson's equitable arguments. See Shannon v. Great Am. Ins. Co., 276 N.W.2d 77, 78 (Minn. 1979).

## A.

Minnesota's transfer on death deed statute, Minn. Stat. § 507.071, provides that the deed "transfers the interest to the grantee beneficiary upon the death of the grantor owner upon whose death the conveyance or transfer is stated to be effective, but subject to the survivorship provisions and requirements of section 524.2-702." Minn. Stat. § 507.071, subdiv. 2.

Strope-Robinson first argues that the reference to Section 524.2-702, a provision within Minnesota's version of the Uniform Probate Code, directly connects the transfer on death deed to a decedent's estate and a probate process. App. Br. 13–14. But the survivor provisions of Section 524.2-702 only limit the transfer on death deed such that "a beneficiary named in a transfer on death deed under section 507.071 who fails to survive by 120 hours the grantor owner upon whose death the conveyance to the beneficiary becomes effective . . . is deemed to have predeceased the . . . grantor owner testator . . . for purposes of determining

-3-

title to property passing . . . by the transfer on death deed." Minn. Stat. § 524.2-702. The provisions do nothing to *delay* the transfer of interest upon the grantor owner's death or to place the property into the probate estate under these facts.

Next, Strope-Robinson says that the transfer on death deed was still executory when the home burned because she had not yet obtained a certificate described in the statute as clearance for public assistance claims and liens. App. Br. 14. Subdivision 23 of Section 507.071 provides that "[a]ny person claiming an interest in real property conveyed or transferred by a transfer on death deed, or the person's attorney or other agent, *may* apply . . . for a clearance certificate for the real property described in the transfer on death deed." (emphasis added). The permissive language of Subdivision 23 precludes Strope-Robinson's argument.

Finally, Strope-Robinson cites an unrelated provision, Minn. Stat. § 256B.15, that addresses medical assistance liens and encumbrances on the property but does nothing to delay the transfer of the grantor owner's interest. But appellants do not argue that Strope's property was subject to such an obligation. Section 256B.15 does not apply because it only addresses the continuing encumbrance on a property if it is subject to a medical assistance lien or other type of obligation.

The plain language of Section 507.071, considered as a whole, says that a grantor owner's property interest transfers "upon the death of the grantor owner." Minn. Stat. § 507.071, subdiv. 2. David Strope died on August 14, 2017, after executing and recording a transfer on death deed naming Strope-Robinson as the grantee beneficiary. Under Minnesota law, we conclude that Strope-Robinson was the sole owner of the property named in that deed when it burned on August 20, 2017.

B.

State Farm's contract with Strope does not provide coverage for Strope-Robinson or for Strope-Robinson as the personal representative of the Estate of

David Clair Strope. Minnesota's "'well-settled general rule in the construction of insurance contracts' permits parties 'to contract as they desire, and so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into.'" Pepper, 813 N.W.2d at 927 (quoting Am. Family Mut. Ins. Co. v. Ryan, 330 N.W.2d 113, 115 (Minn.1983)).

"The general nature of the relation between an insurer and an insured is purely a contractual one personal to the insured, even though the policy must in form comply with statutory or standard policy provisions." Closuit v. Mitby, 56 N.W.2d 428, 431 (Minn. 1953). "[I]n the absence of assignment or express stipulation of the parties . . . [,] policies of insurance do not attach to or run with the property insured. . . [and] [i]n case of a conveyance or assignment of the property, they do not go with it as an incident thereto . . . ." Id. (citation omitted).

The homeowner's policy defines "insured" as: "you and, if residents of your household: (a) your relatives, and (b) any other person under the age of 21 who is in the care of a person described above." D. Ct. Dkt. 42-1 at 17. Another provision addresses the effect of any insured's death:

> If any person shown in the **Declarations** or the spouse, if a resident of the same household, dies: (a) we insure the legal representative of the deceased. This condition applies only with respect to the premises and the property of the deceased covered under this policy at the time of death; (b) **insured** includes: (1) any member of your household who is an **insured** at the time of your death, but only while a resident of the **residence premises**; and (2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

Id. at 36.

Here, the property insurance was a personal contract between David and Denise Strope, the named insureds, and State Farm, the insurer. Id. at 13. Denise

Strope, David's ex-wife, is not a claimant or a party. David Strope's death triggered the transfer of his property interest to Strope-Robinson, so Strope's estate had no interest in the real property or dwelling at the time of the fire. No policy provision assigned or stipulated transfer to Strope-Robinson of the insurance contract after the land's conveyance. Under Closuit, State Farm did not enter into an insurance contract with Strope-Robinson and State Farm's policy did not run with the property after it was conveyed, so State Farm properly denied the claim.

C.

Finally, Strope-Robinson raises the equitable arguments of reasonable expectations and estoppel. Neither is colorable here.

The doctrine of reasonable expectations applies only in cases involving contracts with hidden exclusions, Carlson v. Allstate Ins. Co., 749 N.W.2d 41, 49 (Minn. 2008), and Strope-Robinson points to no such language hiding an exclusion. Strope-Robinson's estoppel argument is equally unavailing. She argues that because State Farm did not cancel the policy or return a pro-rata premium paid, it should be estopped from denying coverage. Neither the policy provisions nor Minnesota law support this theory. Plus, Strope-Robinson, as special administrator and personal representative for the Estate, never sought to cancel the policy.

III.

For the reasons set forth above, we affirm the district court's grant of summary judgment to State Farm.

_____