## MINNESOTA MUTUAL FIRE AND CASUALTY COMPANY v. ORVILLE S. BENSON.

195 N. W. 2d 446.

February 18, 1972—No. 42900.

*Baudler & Baudler* and *Bryan J. Baudler,* for appellant.

*Ross M. Muir,* for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

KELLY, JUSTICE.

In district court plaintiff insurer, Minnesota Mutual Fire and Casualty Company, prevailed in a declaratory-judgment action which determined that the insurance policy in question specifically excluded coverage for an action to recover for death by wrongful act which had been instituted by the trustee of insured's wife. Orville Benson, the defendant-insured, appeals from the declaratory judgment, which ruled that his defense in the wrongful-death action had not been prejudiced by plaintiff-insurer's withdrawal from defending under the policy after having originally assumed the defense. We affirm.

Orville Benson purchased an automobile liability insurance policy from Minnesota Mutual in 1964. This policy was in force when Benson was involved in an automobile accident in which his wife was killed. Attorney Ross M. Muir, representing Minnesota Mutual, began working on the case for Benson in anticipation of a suit by the other party involved in the accident. Benson, meanwhile, had contacted the law firm of Baudler & Baudler to represent his personal interest in the litigation. Bryan J. Baudler of that firm filed a suit against Benson and others on behalf of William T. Johanson as trustee of the action arising out of the alleged wrongful death of Benson's wife. In the wrongful-death action, Baudler represented the trustee, and Muir represented Benson. The purpose of the suit was to secure a judgment against Benson for the alleged wrongful death of his wife. It is a fair

guess that it was hoped that Benson's insurance company would have to pay the judgment. Recovery might be denied to the extent that it would inure to one guilty of contributory negligence.[1]

Benson's insurance policy contained a family exclusion clause.[2] Mr. Muir was informed on January 19, 1968, of this policy exclusion for the claims being made in the death action, and on January 20, 1968, Muir advised Benson of the exclusionary clause, explaining that he was withdrawing from the defense of the death action and that Benson should get another attorney. Thereafter, Muir filed the instant case on behalf of Minnesota Mutual against Benson asking for a determination of the exclusion. Attorney Baudler, who had represented the trustee in the wrongful-death action against Benson, now represents Benson in his claim that Benson was prejudiced by the withdrawal of Minnesota Mutual and Muir from the defense of the death action. Thus, we have the incredible situation of defendant's attorney arguing that the defendant, whom he had sued in an earlier action, was prejudiced in that action by the withdrawal of defendant's insurer from the defense of the action. Baudler still represents Benson on this appeal as he did in the trial below.

Where an insurance company denies coverage and withdraws from the defense before the case goes to trial, the defendant must show actual prejudice to his defense before the insurer is estopped from denying coverage.[3] We find no evidence of actual prejudice in this case. Defendant merely recited the loss of in-

---

[1] Mattfeld v. Nester, 226 Minn. 106, 32 N. W. 2d 291 (1948).

[2] Family exclusions are now illegal. Minn. St. 72A.1491. See, Minners v. State Farm Mutual Auto. Ins. Co. 284 Minn. 343, 170 N. W. 2d 223 (1969).

[3] Hillesheim v. Stippel, 283 Minn. 59, 166 N. W. 2d 325 (1969). See, also, Root Motor Co. v. Massachusetts Bonding & Ins. Co. 187 Minn. 559, 246 N. W. 118 (1932); Mann v. Employers Lia. Assur. Corp. 123 Minn. 305, 143 N. W. 794 (1913); Boulet v. Millers Mutual Ins. Assn. of Ill. 362 F. 2d 619 (8 Cir. 1966); Security Ins. Co. v. Jay, 109 F. Supp. 87 (D. Minn. 1952).

vestigative opportunities without showing that these lost opportunities deprived him of any material information that would have been available to him had he been advised sooner that the insurance company would not defend him.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.