PREFERRED RISK MUTUAL
INSURANCE COMPANY,
Garnishee-Appellant,

v.

M. Sidney HEDEEN and Farmers
Insurance Exchange,
Garnishee-Appellees.

No. 74–1479.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1974.

Decided Jan. 2, 1975.

Rehearing and Rehearing En Banc
Denied Jan. 24, 1975.

Sheldon D. Karlins, Minneapolis, Minn., for garnishee-appellant.

Thomas J. Battis, St. Paul, Minn., for garnishee-appellees.

Before MATTHES, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole question on this appeal is which of two insurance companies is liable for a judgment entered against a vehicle driver. The trial court, applying Minnesota law, held that appellee insurance company, which withdrew from active defense of the judgment debtor after discovering a policy exclusion, was not estopped from denying liability where actual prejudice was not shown. We affirm.

The genesis of this litigation arose when defendant Floreen, while driving plaintiff Hedeen's camper, negligently caused an accident resulting in injury to plaintiff Hedeen, who was riding in his own camper as a passenger.[1] Appellee Farmers Insurance Exchange, which had issued a liability insurance policy to plaintiff Hedeen covering the vehicle involved, initially assumed the defense in behalf of defendant Floreen by filing answer on June 15, 1973. A motion to dismiss for lack of jurisdiction over the person of Floreen was also filed and denied by the court on June 25, 1973.

On August 6, 1973 counsel for Farmers sent a certified letter to defendant Floreen informing him there was no coverage afforded him under Farmers' policy because plaintiff Hedeen was a named insured and excluded from coverage under the terms of the policy. The letter further advised Floreen to contact Mr. Sheldon Karlins, attorney for appellant Preferred Risk Insurance Company, and

---

1. Plaintiff's complaint charged that additional defendants, Camper Conversions, Inc. and Ford Motor Company, were also liable because those two companies installed defective or inadequate equipment on the vehicle. Ultimately judgment was entered against defendant Floreen only.

request that he " * * * undertake to protect you in accordance with the provisions of your own policy" (with Preferred Risk). A copy of this letter was mailed to Attorney Karlins.

On August 7, 1973 the parties received a letter from the clerk of the district court indicating that trial of the case was imminent, discovery would terminate, and all motions would be set for hearing within 21 days. This letter was forwarded by counsel for Farmers to counsel for Preferred Risk. Thereafter correspondence between the insurance companies and their counsel shows that neither company was willing to undertake the defense of Floreen.[2] Counsel for Farmers filed a motion with the court seeking to withdraw, which was denied. The court then entered·a default judgment against Floreen for failure to proceed with the defense and awarded judgment in favor of plaintiff and against Floreen in the sum of $6,706.01 plus costs.

After entry of the default judgment plaintiff Hedeen commenced garnishment proceedings against both insurance companies pursuant to F.R.Civ.P. 64 and applicable Minnesota statutes. The two companies stipulated that the court should decide which of the companies was liable to the plaintiff Hedeen for payment of the default judgment against the defendant Floreen.

The trial court ordered that judgment be entered against appellant Preferred Risk, stating in part as follows:

Although it is clear that counsel of record may not withdraw from a case without leave of Court, the Court believes that the record supports the conclusion that judgment debtor's counsel of record [the Murnane firm] should have been granted leave to withdraw when the policy exclusion was discovered. Furthermore, a review of the file fails to reveal any prejudice to judgment debtor. Therefore, the Court finds that judgment debtor's counsel [the Murnane firm] was not obligated to defend after discovery of the exclusion and its attempt to withdraw. See Boulet v. Miller's Mutual Insurance Ass'n, 362 F.2d 619 (8th Cir. 1966).

Nevertheless, the Court recognizes that Preferred Risk has not had an opportunity to defend judgment debtor under the terms of its policy. Therefore, the Court will enter judgment against Preferred Risk with the qualification that the Court will entertain a motion by Preferred Risk to vacate judgment and afford Preferred Risk an opportunity to defend its insured under the Policy should it desire to do so.

Thereafter Preferred Risk made the motion to vacate invited in the trial court's above order. The motion was denied. Preferred Risk paid the judgment under an agreement with Floreen, reserving its rights to present this appeal.

Preferred Risk now contends that Farmers, having assumed the defense of the action against Floreen and having continued its defense until trial was imminent and, further, having been denied the right to withdraw from the defense at the same hearing at which default judgment was entered, is now precluded by law from denying insurance coverage to defendant Floreen. In substance, Preferred Risk claims that the manner in which Farmers acted with respect to the defense of defendant Floreen now estops Farmers from relying on its policy defense.

Farmers, on the other hand, contends that it is not estopped to set up its exclusion since it notified the parties when it discovered its exclusion, attempted to withdraw from the case, and no prejudice resulted.

The principles of law governing this matter are stated in Boulet v. Millers

---

2. Preferred Risk was not satisfied with the showing Farmers had made with respect to its exclusion under the policy and, in any event, was of the view that Farmers by their actions in the case had waived any right to claim exclusion. Farmers offered to defend under a non-waiver agreement, which Floreen refused to execute.

 

Mutual Insurance Ass'n of Illinois, 362 F.2d 619, 622 (8th Cir. 1966), as follows:

The law of Minnesota is clear to the effect that where an insurance company assumes the defense of an action or claim, with knowledge, actual or presumed, of a defense of non-liability under the policy, and conducts the action to final judgment, or the claim to settlement, it is estopped from raising the defense of non-coverage. Prejudice, which is an essential element in an estoppel, is, in such a case, conclusively presumed to have resulted to the insured by the conduct of the insurer. But where, under like circumstances, the insurer disclaims and withdraws prior to final judgment or settlement, prejudice to the insured is not presumed and the insurer is not estopped from raising the defense of non-coverage without proof by competent evidence that the insured was actually prejudiced by its conduct. (Citing cases.)

In the instant case Farmers notified defendant Floreen and Preferred Risk when it became aware of its policy exclusion; requested Preferred Risk to assume the defense, which it refused to do; advised defendant Floreen that it would undertake the defense if he would execute a non-waiver of the conditions of the policy, which he refused to do; and attempted to withdraw from the case.

If Preferred Risk had assumed the defense when notified of Farmers' no coverage claim in early August, no problem would have been presented. Discovery had not been closed. In fact, Preferred Risk's counsel was informed of the depositions of defendant Floreen set for August 28 and reset for September 21. (Plaintiff's motion for default was based on Floreen's failure to appear at the scheduled depositions and with his counsel at pretrial settlement conferences.) Preferred Risk took a chance that it might prevail because of Farmers' belated claim of exclusion. The court properly found for Farmers on this issue.

The trial court also gave Preferred Risk the opportunity to show prejudice by inviting a motion to vacate the judgment. No such showing was made. No claim is now made that the judgment was excessive. Under these circumstances the judgment against Preferred Risk must be affirmed. *See* Minnesota Mutual Fire and Casualty Co. v. Benson, 292 Minn. 314, 195 N.W.2d 446 (1972).

Affirmed.