**ROYAL INSURANCE COMPANY, Appellant,**

v.

**The WESTERN CASUALTY INSURANCE COMPANY, Respondent.**

**No. C1–89–732.**

Court of Appeals of Minnesota.

Aug. 29, 1989.

Jeffrey M. Baill, Wasserman & Baill, Minneapolis, for appellant.

Robert W. Kettering, Jr., Paul Joseph Rocheford, Arthur, Chapman & McDonough, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and FOLEY and IRVINE *, JJ.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## MEMORANDUM OPINION

PARKER, Judge.

The facts of this case are not in dispute. On November 13, 1983, Mary LaFave was involved in an automobile accident with Royal Insurance Company's insured, Nancy Kavanaugh. Kavanaugh and her passenger, Richard Ostby, presented claims totaling $54,525.07 for personal injuries, property damage and uninsured motorist coverage against Royal. Royal satisfied Kavanaugh and Ostby's claims and commenced an indemnification action against LaFave and her passenger. The trial court subsequently entered a default judgment in favor of Royal for $54,525.07.

Royal thereafter brought this declaratory judgment action to determine the liability of Western Casualty Insurance Company for its insured, LaFave. The parties filed cross-motions for summary judgment. The trial court granted Western's summary judgment motion, denied Royal's motion and dismissed Royal's complaint. The trial court found "that there was no contract of insurance in effect on November 13, 1983 between * * * [Western] and Mary La-Fave." Royal appeals from the summary judgment.

## DECISION

1. Royal contends that certain correspondence from Western to LaFave extended LaFave's May 10 to November 10, 1983, insurance contract until November 25, 1983. Western denies that its correspondence changed the contract's term.

On November 16, 1983, Western sent LaFave an "Automobile Reinstatement Privilege" stating that if her premium reached them within 15 days of the November 10 due date, her coverage would be continued. If not, her coverage would cease as of the due date. The next day LaFave's insurance agent, Mary Kaikkonen, also sent LaFave a letter stating that the automobile policy's "[p]remium must be paid before November 25, 1983 in order to keep continued coverage."

It is a long-standing Minnesota rule that the grace period in an insurance policy is not paid for by the previous premium. *Erickson v. Equitable Life Assurance Society of United States*, 193 Minn. 269, 279, 258 N.W. 736, 741 (1935) (primary life insurance coverage did not extend to the 31-day grace period). During the grace period, the insured is tentatively indebted to the company for the new premium. *Id.* When the new premium is not paid during the grace period, a default takes place as of the date when the premium was due. *Id.*

When Western did not receive the renewal premium from LaFave by November 25, 1983, by the terms of the contract and consistent with the notices it sent, La-Fave's insurance expired as of November 10, 1989.

2. Royal next contends that Western's prior course of dealing with LaFave manifested LaFave's acceptance of Western's offer to renew the May 10 to November 10, 1983, contract. Western, however, argues that it indicates precisely the opposite.

LaFave was insured by Western sporadically from October 1982 through November 1983. On several occasions LaFave submitted late premiums which were accepted by Western. However, when Western did not receive the premium required to renew LaFave's October 14, 1982 to April 14, 1983 contract, the contract expired on April 14, 1983. On May 10, 1983, LaFave paid for and was issued a *new* insurance contract commencing on that date and ending on November 10, 1983. Thus, there was a lapse in coverage immediately prior to this policy period.

On October 12, 1983, Western sent La-Fave an unsolicited "Renewal Premium Notice." The notice indicated that the automobile coverage could be extended through May 10, 1984, upon payment of the specified premium by November 10, 1983. Subsequently, on November 29, 1983, Western sent LaFave an "Automobile Lapse Notice." The notice stated:

YOU ARE HEREBY NOTIFIED THAT COVERAGE UNDER THE ABOVE NUMBERED POLICY CEASED AT 12:01 A.M. STANDARD TIME ON NOV. 10, 1983. IF PAYMENT IS RECEIVED

WITHIN 15 DAYS FROM THE DATE OF THIS NOTICE, WE ARE WILLING TO PROVIDE COVERAGE, EFFECTIVE THE DATE WE RECEIVE YOUR PAYMENT.

■ A binding renewal contract cannot be effected without the mutual assent of the parties. *St. Paul Fire & Marine Insurance v. Bierwerth*, 285 Minn. 310, 317–18, 175 N.W.2d 136, 141 (1969). Because LaFave neither requested the renewal offer nor expressly accepted it, there may be an effective contract of insurance only if its existence may be inferred from the conduct of the parties. *Id.*

■ LaFave did not manifest any intent to accept Western's renewal offers. *See id.* at 319, 175 N.W.2d at 142 (discussing *Kudrna v. Great Northern Insurance*, 175 F.Supp. 783 (D.Mont.1959)). From LaFave's and Western's prior course of dealing, the evidence, specifically the lapse period earlier in the year, strongly supports the inference that LaFave knew her contract would expire by its terms if she did not submit the renewal premium to Western. Consequently, the evidence indicates that LaFave had no intention of remaining insured with Western. This determination is further supported by the fact that even after the automobile accident occurred, LaFave still did not send Western the renewal premium.

3. Royal argues that because Western failed to give the statutory notice of cancellation prescribed by Minn.Stat. § 65B.15–.16 (1982), LaFave's insurance coverage remained in effect on November 13, 1983, the date of the accident.

The legislature has provided that the insurer's cancellation *during* the term of a policy shall not be effective unless the required notice is given. Minn.Stat. § 65B.15, subd. 1(1) (1982). If a policy has a term of *less* than six months, notice of cancellation must be given to terminate the policy. *Dairyland Insurance Co. v. Neuman*, 338 N.W.2d 37, 40 (Minn.1983) (applying Minn.Stat. §§ 65B.14, subd. 3; 65B.15, subd. 1 (1982)).

■ Because the policy here was issued for a term of six months and was not terminated during the term which ended November 10, 1983, the notice requirements of cancellation are inapplicable. Statutory distinctions as to requirements imposed on insurers for contract periods of less or greater than six months are within the province of the legislature, not this court.

■ 4. Royal alleges that the trial court abused its discretion in denying it equitable relief. "A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Nevertheless, we note that a stranger to an insurance contract cannot estop the insurer from denying coverage to its insured. *Quam v. Wulfekuhle*, 390 N.W.2d 472 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986) (judgment creditor precluded from asserting estoppel claims).

The trial court did not err in determining that there was no contract of insurance in effect on November 13, 1983, between Western and LaFave. The trial court's summary judgment is accordingly affirmed.

Affirmed.