MINNESOTA COMMERCIAL
RAILWAY COMPANY,
Plaintiff,

v.

GENERAL STAR INDEMNITY
COMPANY, Defendant.

No. CIV.02–4277 (RHK/AJB).

United States District Court,
D. Minnesota.

Aug. 5, 2004.

Max C. Ramsey and Jeanne H. Unger, Rider Bennett, LLP, Minneapolis, MN, for Plaintiff.

Mark J. Feinberg and Christopher R. Paar, Zelle, Hofmann, Voelbel, Mason & Gette, LLP, Minneapolis, MN, for Defendant.

### MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

Under Minnesota law, an insured person may not use estoppel to create insurance coverage unless the insurer unqualifiedly controlled the defense of an action against the insured. Between February 1, 2000 and February 1, 2001, Minnesota Commercial Railway Company ("the Railway") held an insurance policy with General Star Indemnity Company ("General Star") that covered claims made during the policy period. On July 23, 2001—five months after the policy expired—the Railway submitted a claim to General Star stemming from an injury to one of its employees. After the employee sued the Railway, the Railway defended itself and eventually settled the matter. General Star denied coverage on May 17, 2002.

The Railway has sued General Star seeking a declaratory judgment that the insurer must cover the untimely claim. While acknowledging that it submitted the claim too late to be covered by the policy, the Railway contends that General Star accepted the claim and therefore is estopped from denying coverage. For its part, General Star denies accepting coverage. Both sides have now moved for summary judgment. Although these motions range broadly, they present a threshold legal question: Does Minnesota law permit an insured person to create insurance coverage through estoppel if the insurer did not control the defense in an action against the insured? Because the Court concludes that it does not, it will grant General Star's motion and deny the Railway's motion.[1]

---

1. Counsel for both sides are commended for their excellent and helpful oral and written  presentations.

## Standard of Decision

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Mems v. City of St. Paul, Dep't of Fire & Safety Servs.,* 224 F.3d 735, 738 (8th Cir.2000). The court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. *See Graves v. Arkansas Dep't of Fin. & Admin.,* 229 F.3d 721, 723 (8th Cir.2000); *Calvit v. Minneapolis Pub. Schs.,* 122 F.3d 1112, 1116 (8th Cir.1997). The nonmoving party may not rest on mere allegations or denials, but must show the existence of specific facts that create a genuine issue for trial. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995).

## Analysis

General Star has moved for summary judgment on the ground that the insurer must control the insured's defense to be estopped from denying coverage where coverage does not exist.[2] The Railway has filed a cross-motion arguing that Minnesota law permits such a claim where the insured can demonstrate prejudice. To resolve these motions, the Court must enter the thicket of insurance-related estoppel and reconcile two potentially contradictory strands of Minnesota jurisprudence.

For nearly one-hundred years, Minnesota courts have held that an insurer is "estopped from denying its liability under the terms of the policy" where it has "take[n] charge of the litigation" against an insured. *Tozer v. Ocean Accident & Guar. Corp.,* 94 Minn. 478, 103 N.W. 509, 511 (1905). This rule addresses a deeply-held concern of the courts: that an insured who retained "no voice or interest in the litigation" would be left holding the bag for an insurer that had "substituted its interests and its judgment" for that of the insured. *Patterson v. Adan,* 119 Minn. 308, 138 N.W. 281, 283 (1912).

> Public policy does not permit a litigant to so surrender control of his lawsuit to one who has no interest in the cause of action.... By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract .... The undertaking to defend is of no value, and may be of great danger, to the assured, where he thus abandons all control of the suit to the company, if it does not mean that whatever liability is established shall be discharged.

*Id.* To take any other view "would be to hold that the assurer could effectively tie the hands of the assured.... This cannot be the law." *Faber v. Roelofs,* 311 Minn. 428, 250 N.W.2d 817, 820 (1977).

Minnesota courts have applied this rule to the present day. *See Mutual Serv.*

---

**2.** Courts sometimes use waiver as a synonym for estoppel in this context. The Eighth Circuit has made clear, however, that it is the elements of equitable estoppel that apply. *See Transamerica Ins. Co. v. International Broad. Corp.,* 94 F.3d 1204, 1208–09 (8th Cir.1996). In the instant case, the Railway's claim is expressly for estoppel, rather than waiver. (Compl. ¶ 15 ("General Star's acceptance of the claim, and [the Railway's] reliance on such acceptance, operates as an estoppel preventing its purported denial of coverage from being effective.").)

*Casualty Ins. Co. v. Luetmer,* 474 N.W.2d 365, 368 (Minn.Ct.App.1991) ("If an insurer, with full knowledge of the facts of a claim, defends its insured without reserving its right to contest coverage, the insurer may be estopped later to deny coverage."); *Iowa Nat'l Mut. Ins. Co. v. Liberty Mut. Ins. Co.,* 464 N.W.2d 564, 568 (Minn. Ct.App.1990) ("The general rule is that an insurance company is estopped to deny liability on a claim where the liability insurer assumes exclusive control and conducts the defense of an action against its insured."); *Gamble–Skogmo Inc. v. St. Paul Mercury Indem. Co.,* 242 Minn. 91, 64 N.W.2d 380, 388–89 (1954) (noting that estoppel may apply "to prevent possible unfairness to the insured which might result from the insurer's disclaiming any liability under the policy after the insured has abandoned to the insurer all control and voice in the defense of the lawsuit").

But despite its frequent application, assumption-of-defense estoppel is a narrow rule. For instance, it does not apply where "the insurer refuses and will not accept such defense" of the insured. *Globe Indem. Co. v. Hansen,* 231 F.2d 895, 906 (8th Cir.1956). It is also inapplicable where the insurer avails itself of "the simple procedure of giving a notice of a reservation of rights." *Faber,* 250 N.W.2d at 821. Finally, it does not apply where "the insurer did not take up and conduct the defense knowing [the relevant facts]." *Humphrey v. Polski,* 161 Minn. 61, 200 N.W. 812, 812 (1924). Thus, as the Eighth Circuit has noted, "it is *only* when the insurer, with full knowledge of the facts, unqualifiedly assumes and conducts the defense of an action against its assured that it is estopped by a judgment against him." *Bettinger v. Northwestern Nat'l Cas. Co.,* 213 F.2d 200, 205 (8th Cir.1954) (emphasis added).

This line of cases, however, is arguably at odds with a more recent Minnesota Supreme Court decision. In a terse, six-paragraph opinion from 1979, the Minnesota Supreme Court held that an insured may not use estoppel to broaden the scope of insurance coverage. In *Shannon v. Great American Insurance Co.,* 276 N.W.2d 77 (Minn.1979), the supreme court explained:

> The doctrine of estoppel may not be used to enlarge the coverage of an insurance policy .... The policy considerations in support of this principle are well founded, for it would be wholly improper to impose coverage liability upon an insurer for a risk not specifically undertaken and for which no consideration has been paid.

*Id.* at 78 (citations omitted). As with assumption-of-defense estoppel, Minnesota courts routinely apply this rule. *See, e.g., Continental Ins. Co. v. Bergquist,* 400 N.W.2d 199, 201 (Minn.Ct.App.1987) ("[E]stoppel may not be raised against an insurer if the estoppel would enlarge the coverage afforded by the policy."); *Malakowsky v. Johannsen,* 374 N.W.2d 816, 819 (Minn.Ct.App.1985) ("It is undisputed that [the] exclusion bars coverage under the policy. Estoppel may not be used to create coverage where none is provided for under the contract.").

In harmonizing these principles, the Eighth Circuit has made clear that the assumption-of-defense cases operate as an exception to the rule of *Shannon.* In *Northwest Airlines v. Federal Ins. Co.,* 32 F.3d 349, 352 (8th Cir.1994), the court weighed and ultimately dismissed the applicability of the assumption-of-defense rule before invoking *Shannon:*

> We recognize that the Minnesota Supreme Court held that the insurer waived its defense of noncoverage in *Faber v. Roelofs.* In that case, however, it did so because the insurer never reserved its right to deny coverage and

took control and dominion of the defense of the action.

*Id.* (citation omitted). Likewise, in *Transamerica Ins. Co. v. International Broad. Corp.*, 94 F.3d 1204, 1207 (8th Cir.1996), the Eighth Circuit concluded that the assumption-of-defense cases are an exception to, rather than overridden by, the *Shannon* rule.

■ The Railway reads *Transamerica* to suggest that an insured may expand the scope of coverage by showing prejudice rather than the insurer's control of the litigation. This is not so. Although prejudice may be necessary to establish estoppel under Minnesota law—indeed, it is an element—it is not sufficient.[3] Were generalized prejudice enough to enlarge the coverage of an insurance policy, the rule of *Shannon* would be a nullity. Because prejudice is an element of estoppel, there would be no case in which an insured could actually establish estoppel in which he could *not* expand coverage. Put another way, estoppel claimants could avoid *Shannon* in every instance simply by proving the elements of their case. The Railway's reading, in short, would obliterate *Shannon*.

■ By latching onto the Eighth Circuit's discussion of prejudice, the Railway has imported a related but irrelevant doctrine into this case: the effect of an untimely reservation of rights. Under Minnesota law, "[a]bsent prejudice to the insured, a late reservation of rights will not result in a waiver of the insured's right to assert a policy exclusion." *Northwest Airlines*, 32 F.3d at 356; *see also St. Paul School District v. Columbia Transit Corp.*, 321 N.W.2d 41 (Minn.1982). In *Trans-*

*america,* the Eighth Circuit affirmed this Court's holding that the insured had not satisfied this threshold requirement. As the Court held:

> In order to prevail on its estoppel defense, [the insured] must establish prejudice as a result of [the insurer's] alleged failure to reserve its right to contest coverage. The underlying ... action has not proceeded to final judgment or settlement. In this circumstance, Minnesota courts do not presume the insured has been prejudiced .... [Here, however, the insured] has provided *no evidence* to show it has actually been prejudiced by [the insurer's late] reservation of rights.

*TIG Insurance Co. v. International Broad. Corp.*, Civ. No. 3–94–675, slip op at * *16–17 n. 12 (D.Minn. Sept. 20, 1995) (Kyle, J.) (citations omitted). The Eighth Circuit affirmed:

> Citing Minnesota law requiring a showing of prejudice by the insured, the district court found that although the denial of coverage [i.e., the reservation of rights] was tardy, [the insured] would not be able to [rely on the presumption to] establish the requisite prejudice because the action had not proceeded to final judgment or settlement.... [W]e affirm the district court's opinion with respect to the prejudice to [the insured] ....

*Transamerica,* 94 F.3d at 1208. Thus, the *Transamerica* court's discussion of prejudice is based on a late reservation of rights—a situation not present here. By discussing prejudice, *Transamerica* mere-

---

**3.** To establish equitable estoppel, a party must prove (1) there has been a misrepresentation of material fact, (2) the party to be estopped knew or should have known that the representation was false, (3) the party to be estopped intended the representation to be acted upon, (4) the party asserting equitable estoppel lacked the knowledge of the true facts, and (5) the party asserting the estoppel did, in fact, rely on the misrepresentation to his or her detriment (i.e., prejudice). *Transamerica,* 94 F.3d at 1208–09.

ly reaffirms the settled principle that the insured must show prejudice when the insurer's rights are untimely reserved.[4]

■ As contrasted with the Railway's version, the better reading of *Transamerica* is that the insured, in the context of a late reservation of rights, must demonstrate *both* prejudice and an assumption-of-defense to expand the scope of coverage through estoppel. But where, as here, there has been no reservation of rights, the insured must only prove the latter. This the Railway cannot do. Because it concededly controlled its own defense from the outset, this action falls squarely into the line of cases in which "the insurer refuses and will not accept such defense" of the insured. *Globe Indem.*, 231 F.2d at 906. In such cases, the insurer's denial of coverage does not "create a situation ripe for an estoppel of it." *Id.; see also Northwest Airlines*, 32 F.3d at 356 (holding that estoppel may not be applied when the insurer's "only involvement in the [relevant] case was to pay [the insured's] share of defense costs"). Accordingly, because General Star did not unqualifiedly control the Railway's defense, the Railway cannot expand its coverage through estoppel. The claim therefore fails as a matter of law.[5]

## Conclusion

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 22) is **DENIED** and Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED**. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**4.** While the Eighth Circuit reversed this Court with regard to the third-party plaintiff's standing, it made no holding whatsoever regarding the sufficiency of his prejudice. Indeed, this Court did not reach the question:

Mucrach does not have standing to make an estoppel claim; this claim belongs to an insured, not a third party. *Royal Ins. Co. v. Western Cas. Ins. Co.*, 444 N.W.2d 846, 848 (Minn.Ct.App.1989) ("a stranger to an insurance contract cannot estop the insurer from denying coverage to its insured") . . . .

*TIG Ins. Co.*, Civ. No. 3–94–675, slip op. at *17 n. 11. The Eighth Circuit reversed, holding that "third parties are not precluded from relying on principles of estoppel where they have acted or refrained from acting or were prejudiced in some way because of the insurer's acts." *Transamerica*, 94 F.3d at 1208.

**5.** Even were prejudice enough to invoke the exception, the Railway could not claim it. Rather than the sort of generalized prejudice the Railway advances (e.g., having to pay the settlement it negotiated), the prejudice required under this exception must be specifically related "to [the] defense." *Minnesota Mut. Fire & Cas. Co. v. Benson*, 292 Minn. 314, 195 N.W.2d 446, 447 (1972) (emphasis added); *see also Winthrop & Weinstine v. Travelers Cas. & Sur.*, 187 F.3d 871, 877 (8th Cir.1999).