**TJB COMPANIES, INC.,
et al., Appellants,**

v.

**MARYLAND CASUALTY COMPANY,
Respondent.**

No. C8–92–2181.

Court of Appeals of Minnesota.

April 27, 1993.

Review Granted June 22, 1993.

Mark P. Kovalchuk, Kovalchuk and Cutshall, P.A., Minneapolis, and Peter J. Timmons, Sokol, Rudquist & Timmons, P.A., Minneapolis, for appellants.

Gay B. Urness, Mahoney, Dougherty & Mahoney, Minneapolis, for respondent.

Considered and decided by AMUNDSON, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellants challenge the trial court's determination that the comprehensive general liability insurance policy issued by respondent does not cover the cost of rescission. We reverse and remand.

## FACTS

Appellants, TJB Companies, Inc., TJB Homes, Ltd., and TJB Super Energy Homes, Inc. ("the builders"), build and sell single-family homes. They purchased a comprehensive general liability insurance policy from respondent, Maryland Casualty Company. The policy provided in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as *damages* because of * * * "property damage" to which this insurance applies.

(Emphasis added.)

The builders built and sold a house to Alan and Arthea Balhorn. When settling caused structural damage, the Balhorns sued the builders, seeking rescission of the purchase agreement. Alternatively, the Balhorns requested damages of approximately $30,000. The builders tendered defense of this suit to their insurer, respondent Maryland Casualty Company. The insurer accepted the defense under a reservation of rights.

The trial court ordered the parties to arbitrate pursuant to the terms of the purchase agreement. The arbitrator ordered rescission of the purchase agreement and directed the builders to repurchase the home for its full price, $235,000. The district court affirmed the award. The insurer then withdrew its defense, and asserted that the policy covered damages, but not rescission.

The builders repurchased the home pursuant to the arbitration award, repaired it, and put it back on the market.

The builders assert in the present action that the arbitrator's award and resulting judgment were covered under its comprehensive general liability policy. The trial court granted summary judgment for the insurer after concluding that the insurance policy did not provide coverage. The court stated the Balhorns obtained "rescission," not "damages," and, thus, concluded "there were no damages for [respondent] to pay."

Although reversing, we note that the insurer asserted additional policy defenses not reached by the trial court and not at issue in this appeal, which defenses might, on remand, preclude recovery by the builders.

## ISSUE

Did the trial court err in determining that a comprehensive general liability insurance policy does not cover the cost incurred in complying with the equitable remedy of rescission where a builder is ordered to repurchase a defective home, rather than to pay damages?

## ANALYSIS

■ The role of the reviewing court on appeal from summary judgment is to review the record for the purpose of answering two questions: (1) whether there are any issues of material fact and (2) whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Summary judgment is proper when no material issues of fact exist and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03.

■ The general rule is that the interpretation of the language of an insurance contract, as applied to the facts presented, is a question of law. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978). Therefore, we need not defer to the trial court's conclusion. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ In interpreting insurance contracts we give effect to the intention of the parties as it appears from the terms of the contract. *Dairyland Ins. Co. v. Implement Dealers Ins. Co.*, 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972). Ambiguous terms in an insurance policy must be resolved against the insurer and in accordance with the reasonable expectations of the insured. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 36 (Minn.1979).

The insurance policy at issue in this case is a standard comprehensive general liability policy, which by its terms obligates the insurer to indemnify the insured only when

the insured is obligated to pay "damages" to a third party. The insurer argues that the term "damages" should be interpreted as contemplating amounts paid as monetary compensation for injuries to third parties and should not cover amounts paid to comply with equitable orders.

■ We find the policy ambiguous because the policy language is reasonably subject to more than one interpretation. *See id.* at 34. Minnesota law places little value on antiquated distinctions between legal and equitable claims. *Minnesota Mining & Mfg. v. Travelers Indem. Co.*, 457 N.W.2d 175, 179 (Minn.1990). Therefore, the term "damages" as used in the insurance policy does not unambiguously embody a distinction between equitable relief and legal or monetary damages.

■ The policy language at issue can reasonably be interpreted to cover any claim asserted against the insured that requires the expenditure of money by the insured, regardless of whether the claim is characterized as legal or equitable. Thus, it is consistent with the reasonable expectations of the builders that the costs incurred in complying with the court's equitable order would be covered. If a narrow technical definition of the term "damages" is intended, the insurer must make that intention clear. *Id.* at 181.

■ The builders purchased this policy expecting coverage against most legal liabilities that could arise out of their acts or omissions. The equitable relief ordered by the court here is a substitute for damages. The utility of the policy is unfairly limited if coverage hinges on such a fortuitous event as whether the arbitrator awarded damages or the equitable remedy, when the action asked alternatively for relief in equity or in law and both involved the payment of money. *See id.* The builders could reasonably expect the policy to provide coverage for any monetary outlay compelled by law to rectify or mitigate damages caused by their acts or omissions.

■ Accordingly, we hold the trial court erred in determining that the insurance pol-icy does not provide coverage for the equitable remedy of rescission. Subject to other possible policy defenses, the builders are entitled under the "pay damages" provision of the policy to recoup the costs necessitated by complying with the trial court's equitable order of rescission.

### DECISION

The trial court erred in determining that the comprehensive general liability insurance policy, providing coverage for "damages" the insured becomes obligated to pay, does not cover the costs incurred by the builders in complying with the arbitrator's and trial court's rescission order.

**Reversed and remanded.**