**TJB COMPANIES, INC.,**
**et al., Respondent,**

v.

**MARYLAND CASUALTY COMPANY,**
**Petitioner, Appellant.**

No. C8–92–2181.

Supreme Court of Minnesota.

Sept. 17, 1993.

Mark P. Kovalchuk, Peter J. Timmons, Minneapolis, for appellant.

Gay B. Urness, Minneapolis, for respondents.

GARDEBRING, Justice.

The issue in this case is whether the "pay damages" provision of a comprehensive general liability policy entitles the policy holder to recover the costs of complying with an equitable order of rescission of a real estate transaction. The trial court granted the insurer's motion for summary judgment, and the court of appeals reversed, characterizing the order of rescission as a "substitute for" or the "near equivalent" of a damages award so as to invoke the "pay damages" provision of the policy. 499 N.W.2d 58. We reverse and reinstate the summary judgment.

In September 1989, respondent TJB Companies, Inc., a builder and seller of single family homes, sold a house in Vadnais Heights to Alan and Arthea Balhorn for the price of $235,000. After living in the home for a period of time, the Balhorns discovered serious structural problems and brought an action seeking rescission of the purchase agreement and, in the alternative "and only if rescission is not ordered," damages of approximately $30,000. This action was referred to binding arbitration and the Balhorns were awarded rescission of the purchase agreement; TJB was directed to repurchase the property for the original purchase price of $235,000. The district court confirmed the award.

TJB was insured under a comprehensive general liability policy issued by defendant Maryland Casualty Company, a policy which contained the following provision:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies.

When Maryland Casualty refused to refund the purchase price on its insured's behalf, TJB brought this action seeking a judicial declaration of the company's obligations under the policy. Concluding that by the terms of the insurance policy, the insurer was obligated to pay damages, "not to refund a homeowner's purchase price," the trial court granted the insurer's motion for summary judgment.

The court of appeals reversed, first identifying an ambiguity in the standard policy provision, and then characterizing the order of rescission as a "substitute for" or the "near equivalent" of a damages award so as to invoke the "pay damages" provision of the policy. We disagree.

The standard form "damages" provision is clear and unambiguous in obligating the insurer to "pay those sums that the insured becomes legally obligated *to pay as damages.*" (Emphasis added). Nowhere in the provision is the requirement that the insurer indemnify the insured for refund of monies in accordance with the rescission of a purchase agreement, an action which returns the parties to the positions they enjoyed before executing the now rescinded contract. The remedies of rescission and damages are mutually exclusive, and to characterize the refund as a "near equivalent" of damages is not only to rewrite the policy and alter the insuring intent, but also to change the long-standing meaning of rescission in Minnesota. *See Marso v. Mankato Clinic, Ltd.,* 278 Minn. 104, 153 N.W.2d 281 (1967).

Reversed.