■ PAUL B. FLAGG et al., Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent, et al., Defendants. [613 NYS2d 502] —White, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered April 26, 1993 in Tioga County, upon a decision of the court in favor of defendant State Farm Fire and Casualty Company.

When plaintiffs moved to Minnesota in December 1987, they purchased three insurance policies issued by defendant State Farm Fire and Casualty Company (hereinafter defendant). One of these policies was an excess personal liability umbrella policy (hereinafter umbrella policy) having a policy period running from December 4, 1987 to December 4, 1988. The umbrella policy was renewed for another year in December 1988. Because plaintiffs did not pay the premium that was due in December 1989, nor respond to the cancellation notice defendant mailed to their Minnesota address on January 2, 1990, defendant canceled the umbrella policy effective January 31, 1990.

On December 27, 1990, one of plaintiffs' motor vehicles caught fire while being stored in a facility located in the Town of Owego, Tioga County. When plaintiffs learned that the claims for damages to the storage facility and the other vehicles stored therein exceeded the coverage afforded under their automobile liability policy, they sought coverage under the umbrella policy. Defendant denied coverage claiming that the umbrella policy had lapsed. Plaintiffs then commenced this declaratory judgment action which, following a nonjury trial, culminated in a judgment by Supreme Court declaring that defendant was not obligated to provide coverage to plain-

tiffs or to make payment to the other defendants who had intervened in the action. This appeal ensued.[1]

Supreme Court's declaration was predicated upon its finding that the umbrella policy lapsed for nonpayment of premium, thereby obviating the need for defendant to give plaintiffs notice of cancellation. Plaintiffs maintain that this finding was erroneous and argue that the policy did not lapse. Plaintiffs' argument is posited on the umbrella policy's automatic renewal clause which states, in pertinent part, that "this policy will be renewed automatically subject to the premiums * * * in effect for each succeeding policy period". Plaintiffs' interpretation of this clause is that the umbrella policy was automatically renewed on December 4, 1989 for another year with the condition that, if the premium was not paid, defendant could cancel the policy. Plaintiffs further argue that, under Minnesota law,[2] defendant's purported cancellation of the umbrella policy was ineffective since there is no proof in the record of their actual receipt of the notice of cancellation allegedly mailed to them by defendant (see, Donarski v Lardy, 251 Minn 358, 88 NW2d 7).

In interpreting insurance contracts, Minnesota gives effect to the intention of the parties as it appears from the terms of the contract (see, T.J.B. Cos. v Maryland Cas. Co., 499 NW2d 58, 60 [Minn App], revd on other grounds 504 NW2d 476 [Minn]). In our view, the language "subject to the premiums" clearly manifests the parties' intent to make the automatic renewal of the policy dependent upon the payment of the premium. Consequently, as the result of plaintiffs' failure to pay the premium, the umbrella policy was not automatically renewed and expired on December 4, 1989 (see, 14 Appleman, Insurance Law and Practice § 8017, at 483-494).

The umbrella policy having expired, the issue distills to whether defendant was obligated to provide plaintiffs with a notice of cancellation. Minnesota courts recognize the distinction between the lapse or expiration of an insurance policy and the cancellation of a policy during the policy period (see, Great W. Cas. Co. v Christenson, 450 NW2d 153 [Minn App]). Where, as here, a policy is not renewed, an insurer is not required under Minnesota law to give notice of cancellation to

---

1. By decision of this Court dated March 4, 1994, the intervenors were permitted to withdraw and discontinue their appeal.

2. We concur with the parties' position that Minnesota law governs this case (see, Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.], 81 NY2d 219, 226).

its insured *(see, Royal Ins. Co. v West Cas. Ins. Co.,* 444 NW2d 846 [Minn App]; *Byman v Auto-Owners Ins. Co.,* 364 NW2d 465 [Minn App]). As Supreme Court's finding was in accord with these holdings, we affirm the judgment in favor of defendant.

Cardona, P. J., Mikoll, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.